(162 App. Div. 859)

PEOPLE v. MARKHEIM.     (No. 5914.)

(Supreme Court, Appellate Division, First Department.     June 12, 1914.)

1. CRIMINAL LAW (§ 823*)—APPEAL—INSTRUCTIONS—CURE OF ERROR.

In a prosecution for presenting a false and fraudulent claim in violation of Penal Law (Consol. Laws, c. 40) § 1202, for the payment of insurance, error, if any, in taking from the jury the question whether defendant had presented the claim was cured under Code Cr. Proc. § 542, requiring that nonprejudicial errors be disregarded, where the court later submitted the whole question in the language of defendant's counsel, and instructed the jury to acquit unless they found that defendant presented the claim, or caused it to be presented, and told them that they were the sole judges of the facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1992–1995, 3158; Dec. Dig. § 823.*]

2. CRIMINAL LAW (§ 822*)—REVIEW OF INSTRUCTIONS.

The Appellate Court, in reviewing a particular phrase in the charge in a criminal case, must consider the charge as a whole, and, if no error then appears, must hold the phrase not erroneous, though, read by itself, it might have misled the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1990, 1991, 1994, 1995, 3158; Dec. Dig. § 822.*]

Appeal from Criminal Term, New York County.

Louis Markheim was convicted of presenting a false claim to an insurance company, and appeals. Affirmed.

See, also, 83 Misc. Rep. 632, 146 N. Y. Supp. 628.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry W. Unger, of New York City, for appellant.

Charles S. Whitman, Dist. Atty., of New York City (Robert S. Johnstone, Asst. Dist. Atty., of New York City, of counsel, Royal H. Weller and Stanley L. Richter, both of New York City, on the brief), for the People.

SCOTT, J. The defendant was indicted, tried, and convicted in the Criminal Term of the Supreme Court in the county of New York of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

having knowingly presented, or caused to be presented, a false or fraudulent claim for the payment of a loss upon a contract of insurance. Penal Law, § 1202 (Consol. Laws, c. 40). The evidence tended to show that defendant was president of a corporation known as Markheim & Co., which carried a considerable stock of goods, insured in 43 different insurance companies to an aggregate amount of $131,000; that a fire occurred, doing considerable damage; that immediately after the fire, indeed on the evening of the same day, defendant, as president of the corporation, made a written contract with a firm of public fire adjusters, retaining them on a percentage basis to advise and assist in the adjustment of the loss with the insurance companies; that said adjusters immediately notified, in writing, the companies interested of the fact of the fire and the loss; that thereupon a committee of two adjusters was appointed by the president of the Fire Insurance Exchange to represent, as adjusters, the companies affected by the loss; that defendant, in order to establish a basis for such adjustment, caused to be made up and submitted to the committee of adjusters representing the insurance companies a statement purporting to show in detail the amount and value of the goods on hand at the time of the fire; that such statement was false, and known to the defendant to be false, and was prepared and presented with the purpose and intent of defrauding the insurance companies into paying a greater sum than the loss actually suffered. It should be said at the outset that the evidence leaves no possible doubt in our minds of the defendant's guilt; that, unless the alleged error hereafter to be considered must be deemed to have been prejudicial, he had an eminently fair trial, and that upon the vital questions of fact in the case, to wit, the falsity of the statement presented to the adjusters, and defendant's guilty knowledge of that falsity, the case was fairly submitted to the jury with all due regard to the defendant's legal rights. It is also proper to say that, saving the alleged error above referred to, we find no prejudicial error in the case which would justify a reversal of the judgment.

[1] The sole question which we deem it necessary to consider arises upon an exception to the charge. The trial justice first read to the jury the section of the Penal Law (cited above) under which the defendant had been indicted, and was careful to point out to the jury that upon the evidence the defendant could be convicted only of presenting a false or fraudulent claim, and not of offering proofs in support of such a claim. He then proceeded to analyze the crime as follows:

"Upon reading this section carefully you will observe that there are four elements. We might call them four major questions, involved in this case. First, as to the existence of a claim; second, as to the presentation by the defendant of a claim; third, as to whether the claim presented by the defendant was a false and fraudulent claim; and fourth, whether the defendant knew it to be a false and fraudulent claim. Although you have listened for several days to testimony which, regarded as a mass, might seem most bewildering and confusing, and seemed to entail upon you the most difficult task, yet as all this evidence resolves itself in my mind, it becomes extremely simple as compared with the aspect that it might present without analysis. Instead of submitting to you all of these major questions contained in the

case, I, as the judge of the law, assume the responsibility of determining two of those questions: First, as to whether a claim was in existence; and second, as to whether a claim was presented. Those questions will be practically taken away from you. And you will be charged on them as questions of law. There will remain for you to determine as disputed questions of fact those two other major questions which I conceive are involved in the case; that is: First, was the claim which was presented by the defendant a false and fraudulent claim? second, did this defendant know it to be such? Therefore, in listening to the instructions of the court, you may, to a certain extent, relieve your minds from any feeling of responsibility that you may have entertained with regard to those two major questions which I say to you are presented to you as questions of law.

"I charge you that at the time of the fire, and just as soon as damage resulted therefrom, there sprang into existence a valid and subsisting 'claim by reason of a contract of insurance. The defendant sought to enforce this claim by complying with the conditions and terms of the policy. Among other things, the defendant served a notice of the fire, the damage, to each of the insurance companies which had policies in full force and effect on the property; caused an inventory of the stock on the grade floor to be made and served on Branson; sent a notice to the committee enumerating each and every policy and the amount claimed thereon; and offered his books of accounts, vouchers, and the like to show the amount of stock in the premises on the day of the fire. A computation of and from the books, as appears, discloses stock on hand to the amount of $145,663.85. A statement of the books showing the amount of stock at that figure was served on George R. Branson of the committee on April 17, 1913. It is immaterial whether either member of the committee requested that statement, for, under the terms and conditions of the policy, the defendant was required to produce his books at all reasonable times when requested.

"I, therefore, charge you as a matter of law that the presenting of this merchandise statement by Lyons, the agent of the defendant Markheim, claiming $145,663.85 worth of goods on hand on the day of the fire, together with the antecedent acts which I have enumerated, was the presentation of a claim for the payment of a loss on a contract of insurance."

The error insisted upon is that the justice took away from the jury the question of fact as to whether or not the defendant had presented a claim, and undertook to pass upon that question as matter of law.

[2] It is undoubtedly true that if this particular phrase in the charge be read without reference to the context, and without reading the charge as a whole, and, thus read, be considered as presenting an abstract, academic question, it would seem that the court had assumed to decide one of the material questions of fact, and had thus invaded the province of the jury. We are not permitted, however, so to consider the challenged phrase. It is our duty to consider the charge as a whole, and, if when so read, no error appears, none was committed, even if a detached portion when read by itself might have misled the jury, or might appear to have infringed upon defendant's legal right. People v. Johnson, 185 N. Y. 219, 77 N. E. 1164. Above all, even if we should be of the opinion that technical error was committed, we are still to determine whether it was prejudicial to the defendant, for it is our duty to—

"give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." Code Criminal Procedure, § 542.

And, first, it is to be observed that the question whether or not the defendant presented a claim within the meaning of the statute, defining

the crime of which he was accused, was not wholly and exclusively a question of fact. It was rather what is commonly spoken of as a mixed question of law and fact, or, to speak more precisely, given acts of the defendant being proven or admitted, the question whether those acts constituted, within the meaning of the statute, a presentation of a claim, became a matter of law to be determined by the court. So if the court, instead of charging as it did, had instructed the jury that, if they found as matter of fact that defendant had employed an adjuster to assist in prosecuting his claim for insurance, and that adjuster, acting within the scope of his employment, had notified the several companies of the loss, and that defendant had a claim therefor, and afterwards defendant had made up a statement of his merchandise on hand as the basis for estimating his loss, and caused such statement to be delivered to the companies' adjusters, those acts would amount to the presentation of a claim within the terms of the statute, and the charge would have been unexceptionable. All those facts were proven, not only without contradiction, but by documents which could not lie, and which were in no sense ambiguous. The case thus presented is far different from People v. Walker, 198 N. Y. 329, 335, 91 N. E. 806, 808. That was a case of receiving stolen goods, and the question whether or not the goods had been stolen and had been in the defendant's possession were not only vital questions in the case, but depended wholly upon the evidence given by certain oral testimony. The court, however, took those questions away from the jury, charging them that there was no question but that the goods had been stolen and had been in defendant's possession. It was under those circumstances that the Court of Appeals said:

"The evidence introduced to prove these facts involved the credibility of witnesses. The plea of not guilty and the presumption of innocence make the credibility of every witness for the people in a criminal action a question of fact for the jury. * * * The court cannot withdraw from them any controlling fact which depends upon the credibility of witnesses, even of the highest character and standing."

All that was said in that case as to the necessity of submitting every question of fact to the jury had reference to facts sought to be established by the evidence of witnesses, while, in the present case, the facts upon which depended the question of presentation were almost entirely documentary.

In the same case from which the above quotation is made the court said:

"Moreover, as is frequently the case, if a fact essential to the crime, although not expressly admitted, is undisputed and is treated during the trial by all concerned as established, it would not be reversible error for the court to so charge, unless, and the exception is vital, the defendant should ask to have it submitted to the jury, and in that event, even in such a case, it would be the duty of the court to submit it accordingly."

This last quotation exactly fits the record in the case at bar. The facts establishing the presentation of a claim were not only undisputed, but were treated throughout the trial as established, the only claim of the defendant being on the trial, as it is on this appeal, that those facts did not, as matter of law, establish a presentation of a claim under the

statute. As will be seen later the court did, when so requested, submit the whole question to the jury in the very language of defendant's counsel.

In Sindram v. People, 88 N. Y. 197, a murder case, the court had charged the jury that:

"There is no doubt about the assassination, that the deceased person was killed; there is no doubt either that she was killed by the prisoner."

It was held that this error was entirely cured because later the court expressly left all questions of fact to the jury.

In People v. Meyer, 162 N. Y. 357, 65 N. E. 758, also a murder case, a part of the evidence against the prisoner consisted of a confession made by him to certain police officers. The defendant strenuously objected to its admission, on the ground that it was not shown to have been voluntary. The trial court refused to submit the question to the jury, itself determining that as matter of fact it was voluntary. The Court of Appeals remarked that:

"It is manifestly the better rule to resolve in favor of a defendant all doubts as to the character of confessions attributed to him by the submission to the jury of all disputed questions relating to the competency of such statements,"

—but because the evidence so clearly showed that the confession was in fact voluntary, the court refused to interfere with the judgment merely because the trial judge had assumed to decide the question of fact.

Whatever technical error may be found in that portion of the charge already quoted was, in our opinion, fully and completely remedied later on. After the court had concluded its charge a large number of requests were presented by the defendant's counsel, many of which were adopted by the court and charged in the very language requested. Among them were the following:

"That unless the jury finds that a claim was presented, or caused to be presented, the defendant must be acquitted.

"That unless the jury finds that the claim, if any, presented or caused to be presented was presented or caused to be presented by the defendant, the defendant must be acquitted.

"That even though the defendant knew the claim to be false and fraudulent, if at the time it was presented he had no knowledge that it was to be presented, he must be acquitted.

"That there can be no conviction unless whatever was done by the defendant was done as the presentation of a claim.

"That there can be no conviction unless the jury find beyond a reasonable doubt that the defendant did knowingly present a claim, or did knowingly cause a claim to be presented."

And, finally, the last words addressed to the jury by the court were that they were the sole judges of the facts in the case without limitation or discretion.

If there was error in the early part of the charge, it surely was completely cured by what was afterwards charged as above quoted. It seems to be quite impossible that the jury could in any way have been misled to the defendant's prejudice.

A careful reading of the record makes it quite plain that the dif-

ference between the view of the court and that of counsel for defendant was not that there was any question as to what was done by defendant, but as to whether or not it was a question of law or one of fact whether the acts done constituted the presentation of a claim under the statute. This is clearly shown by the request to charge submitted after the court had repeatedly charged, as hereinbefore indicated.

"We respectfully except to your honor's charge as a matter of law that a claim was presented by the defendant, and to your honor's refusal to submit the question to the jury as a question of fact. And in connection with that now we respectfully ask you to submit to this jury, as a question of fact to be determined by the jury, whether or not a claim was presented to the insurance company or companies for the payment of an insurance loss.

"The Court: You have your exception."

Upon this point, as we consider, the view entertained by the court was clearly the correct one. If the request last quoted is to be considered merely as one that the broad question whether a claim has been presented be submitted to the jury, the court had already charged that in half a dozen forms, in language chosen by defendant, and was not called upon to charge it again.

To reverse this eminently just conviction for the alleged error in the charge, which, if it was an error, was amply and abundantly corrected, would be to grasp at the shadow and lose sight of the substance. In a criminal prosecution the people have rights as well as the defendant, and one of those rights is that a person convicted of crime shall not be set free for purely technical and academic errors which it can be clearly seen have not operated to prejudice the defendant. Such, in our opinion, was the error here complained of.

The judgment appealed from is affirmed. All concur.