## PEOPLE v. GRIESSMAN.

(Court of General Sessions, New York County. August 8, 1914.)

1. CRIMINAL LAW (§ 251*)—PRELIMINARY TRIAL—ADJOURNMENT TO OBTAIN COUNSEL.

Code Cr. Proc. § 188, providing that accused when brought before a magistrate shall be notified of his right to the aid of counsel before any proceedings are had, applies only to cases where a preliminary examination is to be had to determine whether accused shall be discharged or held to a grand jury, and has no application to cases where the magistrate has summary jurisdiction to convict and sentence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 524; Dec. Dig. § 251.*]

2. CRIMINAL LAW (§ 251*)—TRIAL—RIGHT TO NOTIFY FRIENDS.

Where a magistrate having authority to try, convict, and sentence summarily for a misdemeanor failed to notify accused, when charged with disorderly conduct, of her right to communicate with friends and relatives, as required by Laws 1910, c. 659, § 81, the conviction would be set aside.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 524; Dec. Dig. § 251.*]

Ray Griessman was convicted of disorderly conduct, and she appeals. Reversed, and new trial granted.

Siegel & Siegel, of New York City, for appellant.

James E. Smith, Dep. Asst. Dist. Atty., of Olean, for the People.

NOTT, J. This is an appeal from a judgment by the city magistrate convicting the defendant of disorderly conduct in that, on the 30th day of June, 1914, she used threatening, abusive, and insulting behavior with intent to provoke a breach of the peace and used indecent and insulting language to the complainant.

It appears that the complaining witness, a police officer, had just placed the defendant's sister under arrest at an early hour of the morning for soliciting; that thereupon the defendant accused him of being drunk and used profane language. The defendant admitted that she called the officer a liar upon his arresting defendant's sister. Whether the arrest of the defendant's sister was proper or not the defendant had no right to interfere with the officer, and there would be no difficulty in affirming the judgment save for the fact that the magistrate both upon the arraignment and conviction of the defendant utterly

failed to notify her of her right to communicate with friends or relatives, as required by section 81 of chapter 659 of the Laws of 1910, commonly known as the Inferior Criminal Court's Act, and the amendments thereto. The magistrate did notify the defendant of her right to an adjournment for the purpose of obtaining counsel as required by section 188 of the Code of Criminal Procedure.

[1, 2] This action of the magistrate on the one hand under section 188 of the Code of Criminal Procedure and his failure to act under section 81 of the Inferior Criminal Court's Act, indicates that some confusion has arisen as to the notification to be given to a defendant in cases where the magistrates have summary jurisdiction. The notification required by section 188 of the Code of Criminal Procedure has no application to cases where the magistrates have the summary power of conviction, and is not required in such cases, although, as stated in the opinions of the judges of this court, it is considered the better practice to give such notification. Such notification is required only in cases of preliminary examination of the defendant held for the purpose of discharging him or holding him to answer. On the other hand, the notification required by section 81 of the Inferior Criminal Court's Act is required to be given in all cases where the magistrates have summary jurisdiction to convict and impose sentence, but is not required where a preliminary examination of the defendant is being had.

The plain purpose of the Legislature was that in cases where the magistrates have summary jurisdiction the defendant should not be put to trial or sentenced until notified of his right to communicate with his friends and relatives and afforded an opportunity so to do. As in this case the defendant was both put to trial and sentenced without being afforded rights granted by the statute, it follows that the judgment of conviction should be reversed and a new trial granted.