## PEOPLE v. PATTERSON.

(Court of General Sessions of the Peace, New York County.   October 14, 1914.)

CRIMINAL LAW ⬤�013251—TRIAL—NOTICE OF RIGHTS—STATUTE.

 Under Inferior Criminal Courts Act (Laws 1910, c. 659) § 81, providing that on arraignment, and also immediately upon conviction, the magistrate shall inform defendant that he is entitled to communicate with his relatives and friends, and that he may send a letter or message, or telephone, as provided in section 112, the magistrate's failure to give defendant such notice after his conviction, though he had given it upon his arraignment, was a deprivation of right for which the conviction will be reversed.

 [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 524; Dec. Dig. ⬤�013251.]

William B. Patterson was convicted of disorderly conduct, and he appeals.   Reversed, and new trial granted.

John Delahunty, of New York City, for the People.
Alexander Mayper, of New York City, for defendant.

ROSALSKY, J.   There would be no difficulty in affirming the judgment of conviction against the defendant upon the charge of disorderly conduct tending to a breach of the peace, were it not for the fact that the magistrate, after the conviction, and before sentence was pronounced, failed to inform the defendant that he was entitled to communicate with his relatives or friends, as required by section 81 of chapter 659 of the Laws of 1910 and the amendments thereto, known as the Inferior Criminal Courts Act.   This section, so far as it is applicable to the question to be decided, is as follows:

"Sec. 81. At the time of the arraignment and also immediately upon the conviction of a defendant, the magistrate shall inform said defendant that he is entitled to communicate with his relatives or friends and that he may send a letter or message or telephone as provided in section 112 of this act."

It appears that upon the arraignment of the defendant the magistrate informed him of his right to communicate with his relatives or friends, but, as has been pointed out, the magistrate failed to do so after the conviction.

There is no doubt that this requirement, in so far as it imposes a duty upon the magistrate upon the arraignment of a defendant to inform him of the statutory provision, is a salutary change in the law in cases where the magistrate has summary jurisdiction, as it affords a defendant the opportunity to be represented by counsel, to present evidence which may explain the charge, and to produce proof as to his good character; but I fail to apprehend that any particular purpose was to be served in repeating the procedure after the conviction of a defendant, as he is amply protected when informed of his rights upon arraignment.   However, it is not left to the discretion of the magistrate to ignore the plain and positive command of the Legislature.   The defendant's right is one of substance, which must be preserved and of which he may not be deprived.

⬤�013For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

I fully concur with the views expressed by my learned associate, Judge Nott, in People v. Griessman, 149 N. Y. Supp. 63, where he reversed the judgment of conviction for failure of the magistrate to notify the defendant upon arraignment, as well as upon conviction, of his right to communicate with his relatives and friends and to be afforded an opportunity to do so.

The judgment of conviction is therefore reversed, and a new trial granted.