PEOPLE ex rel. COHEN v. WALDO, Police Com'r.    (No. 6389.)

(Supreme Court, Appellate Division, First Department.    November 20, 1914.)

MUNICIPAL CORPORATIONS (§ 185*)—POLICE OFFICERS—DISMISSAL—GROUNDS.
  Where a detective accepted money from a citizen complaining of violations of the law, under an agreement that it should be shown to, but not given to, one whom the detective thought could furnish evidence, and upon the failure of the plan the detective returned the money, he did not vio-

late the rule prohibiting policemen from receiving money from citizens, and, having acted in good faith, cannot be dismissed, where there was no rule covering his conduct.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Certiorari by the People, on relation of William Cohen, against Rhinelander Waldo, as Police Commissioner of the City of New York. Writ sustained, proceedings annulled, and relator reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Isidore Cohen, of New York City, for relator.
Terence Farley, of New York City, for respondent.

LAUGHLIN, J. This proceeding is presented on the record in People ex rel. Murphy v. Waldo, 162 App. Div. 867, 147 N. Y. Supp. 1005, supplemented by the charges against this relator and proof of service thereof, and the order adjudging the relator guilty and dismissing him from the force, and a verbatim copy of the rule, the substance of which only was stated in the other record, and the record of the relator while a member of the force.

This relator and Murphy, whose removal we recently reviewed (162 App. Div. 867, 147 N. Y. Supp. 1005), were patrolmen of the New York police force detailed to the Seventh precinct for detective work, and assigned to the investigation of crimes relating to the poisoning of horses and to extortion in connection therewith. The charge against this relator was conduct to the prejudice of good order and discipline of the force, and the specifications of the charge were that he received from one Epstein $100, which he claimed "was to be used by him for the purpose of obtaining evidence in a criminal investigation in which the said Henry Epstein was the complainant." The rule of the department which it is claimed the relator violated in receiving the money is rule 29, paragraph 50, and is as follows:

"Without the express permission of the police commissioner, members of the police force are forbidden to make presents, bestow testimonials, collect or receive money or anything else from citizens or others, circulate subscription papers or books, or sell tickets for any purpose."

The material facts are stated in our opinion on the former review of the record. On that review we expressly refrained from expressing an opinion with respect to whether the rule prohibited Cohen from taking the money without the permission of the police commissioner. That question is now presented for decision. It will be seen by our statement of facts on the other review that Cohen and Murphy were endeavoring to find and arrest one Levison, who had been indicted for attempting to extort money under a threat to poison Epstein's horses; that Cohen reported to Epstein that one Calahan offered through a young woman to give information that would enable the detectives to find Levison, provided he received $100 therefor; that Epstein repeatedly offered the money to Cohen, and urged him to take it for the purpose stated; that finally Cohen devised a plan whereby the girl was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to show, but not to deliver, the money to Calahan, and in that manner to obtain the information from him; that the money was voluntarily furnished by Epstein to Cohen for that purpose, and three times returned to him on account of the failure of the plan; that the discussions with respect to the money were open and above board, as was the delivery thereof, and there was no evidence to warrant a suspicion that Cohen, on receiving it, was actuated by any other motive than what he conceived to be the performance of his official duty, and it was so regarded by Epstein. As we stated in our former opinion:

"It is manifest that Epstein had entire confidence in Cohen, and considered the transaction perfectly legitimate. His understanding was that the money was to be shown, but not delivered, and was to be returned to him in any event; and it was so returned promptly."

There is no reasonable basis for the claim that the conduct of Cohen was prejudicial to the good order and discipline of the police force, and his removal cannot be sustained, unless he violated some rule of the department. We are of opinion that the facts do not bring his acts within the prohibition of rule 29, paragraph 50. The prohibition against receiving money contained in that rule was intended to prevent members of the force from receiving money or other presents to influence, or which might influence, their official conduct. It may well be said that there is danger that, if patrolmen and detectives are permitted to receive money in this manner without the knowledge of their superior officers, the door to imposition or corruption will be opened, and doubtless it would be within the jurisdiction of the commissioner to make a rule forbidding it; but the members of the force would not understand that such was the purpose of the rule in question.

It follows, therefore, that the proceedings should be annulled, and the relator reinstated, with $50 costs and disbursements. All concur.