PEOPLE v. SPRITZER.

(Court of General Sessions of the Peace, New York County.   May 4, 1915.)

CRIMINAL LAW ☞260—APPEAL—HARMLESS ERROR—RIGHT TO NOTIFY FRIENDS.
    Inferior Criminal Courts Act (Laws 1910, c. 659) § 81, provides that on arraignment, and immediately upon conviction, the magistrate shall inform defendant that he is entitled to communicate with relatives or friends, and may send a letter or telephone message free, as provided in section 112.   Code Cr. Proc. § 764, provides that on appeal the court must give judgment without regard to technical errors or defects, which shall not prejudice the substantial rights of the defendant.   Defendant was arrested February 5th at 8:45 p. m., and at once taken to the Magistrate's Court; but trial was put over to February 8th and bail fixed, and on the trial she was represented by counsel, who examined witnesses, called defendant, moved to dismiss the complaint, and addressed the court when defendant was called for sentence.   Held that, where it appeared that the defendant had a fair trial, was convicted on sufficient evidence, and had availed herself of the opportunity of communication, the magistrate's failure to notify her of such right was not reversible error.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ☞260.]

Fannie Spritzer was convicted of crime, and she appeals.   Affirmed.

Benjamin A. Hartstein, of New York City, for the motion.
James A. Delehanty, Asst. Dist. Atty., of New York City, opposed.

WADHAMS, J.   This is an appeal from a judgment of conviction in the Magistrate's Court.   The only ground upon which the defendant contends that the judgment should be reversed is that the magistrate failed to give notice to the defendant in conformity with section 81 of chapter 659 of the Laws of 1910, known as the Inferior Criminal Courts Act.   Section 81 provides:

"At the time of the arraignment and also immediately upon the conviction of a defendant, the magistrate shall inform said defendant that he is entitled to communicate with his relatives or friends and that he may send a letter or message or telephone as provided in section one hundred and twelve of this act.   Each chief city magistrate shall investigate the manner and method of the enforcement by the department of correction of the provisions of section one hundred and twelve of this act and in the event that any of the duties imposed by such provisions are not properly performed, said chief city magistrate shall promptly report the same in writing to the mayor."

Section 112 provides:

"The commissioner of corrections shall cause to be placed in each district prison a notice in several languages, setting forth that prisoners have the right to send a message or to write to or cause their relatives or friends to be telephoned to in the manner hereinafter set forth, and also stating the rates of messenger service. Whenever a person is detained in a district prison the keeper or other person in charge shall, at the request of such prisoner, telephone, without cost, to one number in the city of New York given him by said prisoner in an effort to reach his relatives and friends, or, at the option of the prisoner, give him a two-cent stamped envelope free of charge, or at cost an envelope with necessary postage for a special delivery letter. The keeper or other person in charge shall, at the request of such prisoner, telephone to such other numbers as the prisoner may request upon the payment of the regular telephone charge for the same. It shall be the duty of the lieutenant, or other officer in charge at the police station, to telephone free of charge to three numbers at the request of the prisoner. In each case the lieutenant, or other officer in charge of the station house, or the keeper, or other person in charge of the district prison, shall inform the prisoner of his opportunity to telephone or receive a stamped envelope and postage as above set forth, and in addition thereto, in each district prison there shall be installed a messenger telegraph service, and whether the prisoner sends a message by said service or by a messenger he shall not be charged any sum greater than the customary rate for similar service from any other place in the city."

Judge Nott, in People v. Griessman, reported in 149 N. Y. Supp. 63, referring to section 81 of the Inferior Criminal Courts Act, said:

"The plain purpose of the Legislature was that in cases where the magistrates have summary jurisdiction the defendant should not be put to trial or sentenced until notified of his right to communicate with his friends or relatives and afforded an opportunity so to do. As in this case the defendant was both put to trial and sentenced without being afforded rights granted by the statute, it follows that the judgment of conviction should be reversed and a new trial granted."

Judge Rosalsky, in the case of People v. Patterson, 153 N. Y. Supp. 569, reported in the New York Law Journal of October 15, 1914, follows the decision in the case of People v. Griessman, supra. In the Griessman Case, it appears that the defendant was immediately tried upon arraignment and was immediately sentenced, was not represented by counsel, did not call any witnesses, and was not warned of his right to call witnesses. It was clearly the intent of the Legislature that notice should be given to afford the defendant an opportunity to communicate with relatives or friends for the purpose of obtaining counsel or procuring witnesses; in other words, that the defendant should be given a fair chance to contest the issue.

In the case before me it appears that the defendant was arrested on the 5th of February, at about 8:45 p. m., and was taken to the Magistrate's Court the same night, when a complaint was made against her. No hearing was had on February 5th, but the trial was put over to February 8th, and bail fixed. The record does not show whether in the interim the defendant was out on bail, but on February 8th a notice of appearance was filed by counsel, and on the same day a trial was had. Throughout the trial, the defendant was represented by counsel, who examined and cross-examined witnesses. At the end of the people's case, counsel for the defendant made a motion to dismiss the complaint on the ground that the people had failed

to prove a case against the defendant, which motion was denied, and an exception taken. The defendant then took the stand and was examined in her own behalf, and at the conclusion of such examination the court, addressing counsel, asked, "That is your case?" and counsel replied, "Yes." Thereupon the defendant was found guilty and remanded until the following day for sentence. On the following day, when the defendant was again before the court for sentence, she was represented by counsel, who addressed the court in her behalf.

Section 764 of the Code of Criminal Procedure provides:

"After hearing the appeal the court must give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of the defendants, and may render the judgment which the court below should have rendered, or may, according to the justice of the case, affirm or reverse the judgment, in whole or in part, as to all or any of the defendants, if there be more than one, or may order a new trial, or may modify the sentence."

In my opinion, the substantial rights of the defendant have not, in this case, been prejudiced by a failure of the magistrate to observe the requirements of section 81 of the Inferior Criminal Courts Act. The proper procedure is to give the notice both at the time of arraignment and immediately upon conviction, in conformity with section 81, whether or not the defendant is represented by counsel. But it is the duty of the court to determine whether the failure to observe the proper procedure has, in fact, operated to the prejudice of the defendant, or is merely a technical error, which does not affect the defendant's substantial rights. In the case before me the judgment is justified by the evidence, and the only question is whether the omission to give the notice has prejudiced the defendant.

It appears that upon the making of the complaint no testimony was taken, but an adjournment was had for three days, during which time defendant evidently had opportunity to make such communication with others as she desired, because upon the trial she was represented by counsel, who had, in the meantime, filed a notice of appearance as her attorney. Moreover, at the conclusion of the trial, an adjournment was had until the following morning, when the defendant was again represented by counsel, who addressed the court in her behalf.

In People v. Markheim, 162 App. Div. 859, at page 866, 148 N. Y. Supp. 155, at page 160, Mr. Justice Scott says:

"To reverse this eminently just conviction for the alleged error in the charge, which, if it was an error, was amply and abundantly corrected, would be to grasp at the shadow and lose sight of the substance. In a criminal prosecution the people have rights as well as the defendant, and one of those rights is that a person convicted of crime shall not be set free for purely technical and academic errors, which it can be clearly seen have not operated to prejudice the defendant."

The defendant had a fair trial and was properly convicted and sentenced. She not only had, but availed herself of, the opportunity of communication, which the procedure prescribed by sections 81 and 112 of the Inferior Criminal Courts Act were intended to assure. To reverse upon the ground that specific notice was not given to her

would be to set aside a just judgment for a mere lapse in procedure, which did not affect her substantial rights.

Judgment affirmed.