THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAMUEL BERGER and EDWARD KUCKER, Defendants.

Supreme Court, Special Term, Monroe County, February 27, 1950.

*Chamberlain, Page & D'Amanda* for Samuel Berger, defendant.

*Skivington & Skivington* for Edward Kucker, defendant.

*Clarence J. Henry, District Attorney* (*Harry Rosenthal* of counsel), for plaintiff.

GILBERT, J. Three indictments found by a Grand Jury sitting in Monroe County are the subjects of attack by the present motions. One indictment charges the defendants jointly with the crime of arson in the first degree; a second indictment charges the defendant Berger with the crime of perjury, first degree; and the third indictment charges the defendant Berger with the crime of violating subdivision 1 of section 1202 of the Penal Law.

Each defendant has moved for the same relief, viz., an examination of the Grand Jury minutes by the defendant; an examination of the same by the court; a dismissal of the indictments. The grounds alleged are illegal and insufficient evidence upon which to base the same.

In view of the fact that, upon the arguments of the motions, the court was furnished by the District Attorney with a copy

of the Grand Jury minutes, no further consideration need be given to that feature of the motions.

An examination of the Grand Jury minutes by the court, insofar as the arson indictment and the indictment for a violation of section 1202 of the Penal Law are concerned, has revealed no illegal evidence received by the Grand Jury and that there was sufficient evidence before that body to warrant their action. The affidavits submitted in support of the motions amount in substance only to rather detailed denials of guilt. The question to be decided here is not whether the defendants are guilty of the crimes charged but merely whether there was sufficient evidence before the Grand Jury to support the charges.

The motion to dismiss the perjury count against the defendant Samuel Berger raises an interesting question. The counsel for Samuel Berger presents two arguments which require some discussion: (1) no perjury can be found because the defendant was not permitted to correct or to sign his testimony, and (2) the use of such testimony before the Grand Jury violated the constitutional immunity granted to a citizen not to be compelled in any criminal case to be a witness against himself. (U. S. Const., 5th Amendt.; N. Y. Const., art I, § 6.)

The facts are substantially as follows: Samuel Berger owned and operated a dry goods shop in Rochester on which he carried fire insurance. A fire occurred in this shop with resulting damage to the store and its contents. Thereafter, the insurance carriers, pursuant to a provision in their policies and pursuant to sections 168 and 171 of the Insurance Law, examined Samuel Berger under oath as to his loss and as to other circumstances surrounding the fire. At the conclusion of the examination the hearing was adjourned for transcribing and signing of the testimony. It was transcribed, but never presented to the defendant, Samuel Berger, for signature and still stands unsigned today. It is this unsigned testimony which was presented to the Grand Jury and is the basis of the perjury indictment for alleged false statements therein.

Perjury, by section 1620 of the Penal Law, is defined as committed by one " who 1. Swears or affirms that he will truly testify ".

Perjury in the first degree is defined by section 1620-a of the Penal Law as follows: " A person is guilty of perjury in the first degree who commits perjury as to any material matter in or in connection with any action or special proceeding, civil or criminal, or any hearing or inquiry involving the ends of

public justice or on an occasion in which an oath or affirmation is required or may lawfully be administered ".

The examination conducted by the insurance companies was required by the terms of the policies. The policy terms are sanctioned by law. (Insurance Law, §§ 168, 171.) Also, the oath was required by law (§ 168) and Samuel Berger was duly sworn by one authorized to administer the oath.

The lack of the defendant's signature on the transcript is no bar to indictment. While it is true that the insurer must deliver a copy of the testimony to the insured if requested in writing (Insurance Law, § 171) and if such delivery is not made the testimony may not be used in evidence by the insurer, neither section 171 nor any other section prohibits the use of such testimony in a criminal matter instituted by the People, in the absence of absolute privilege.

Perjury is a crime and as such is a matter of public concern.

It is conceded that Samuel Berger testified under oath. His signature to the deposition would not add to or detract from the words he used while giving testimony under oath. It is not necessary to add one's signature to complete the crime of perjury, although the lack of opportunity to correct and sign may well be used as a defense under the circumstances of this case.

As to the contention of the defendant's counsel that the use of the testimony given on the insurance examination before the Grand Jury was in violation of the defendant's constitutional immunity, the court finds section 25 of the Insurance Law and the decision in *People* v. *Reiss* (255 App. Div. 509, affd. 280 N. Y. 539) as controlling.

Section 25 of the Insurance Law grants immunity from prosecution, in just such cases, to one who asks for such immunity, but it further provides that "no such individual so testifying shall be exempt from prosecution or punishment for any perjury committed by him while so testifying and the testimony or evidence so given or produced shall be admissible against him upon any criminal action, investigation or proceeding concerning such perjury ". It is granted the defendant never requested such immunity, but even though he had, the immunity would not cover him for perjury.

The decision in *People* v. *Reiss* (above cited) contains a thorough discussion of the constitutional question here raised and cites the leading decisions on the subject. From this decision, and others on the same subject, the principle seems clearly established that, where an oath may be legally adminis-

tered immunity is granted in exchange for honest testimony, but the cloak is not extended to cover false testimony under that oath. Another way of stating it might be, that immunity is granted as to any prosecution for crimes disclosed by the testimony but not for a crime committed in the giving of the testimony.

For the reasons above stated the motions of the defendants are denied.

Ordered accordingly.