The People of the State of New York, Respondent, *v.* Edward Learman, Appellant.

Fourth Department, May 6, 1953.

*William B. Mahoney* for appellant.

*Gordon Steele, District Attorney (Merrill G. Wendelberg* of counsel), for respondent.

McCURN, J. The defendant was an appraiser of damaged motor vehicles and employed by a garage which services a large clientele of insurance companies for whom it furnishes surveys of motor vehicles involved in accidents, appraisals of values, cost of repairs, etc. The garage employed four appraisers including the defendant. The territory over which the garage customarily made appraisals was divided so that each appraiser operated over a prescribed area. When an order for such a survey was received by the garage, a lady employed in the office of the garage would make out a slip or card containing the information as to the make and model and location of the car, the name of the assured, claimant, etc., and place this slip in a box under the name of the appraiser in whose territory the car was located.

In October, 1950, the Standard Accident Insurance Company asked the garage for a survey on a 1950 Buick two door sedan belonging to Holmes & Murphy which had been in an accident. That survey was assigned to the defendant in the regular course of business. He made the survey, turned in his report to his employer who in turn forwarded it to the Standard Accident Insurance Company. It appears that when such surveys are made and where the damage is substantial the appraiser secures three bids for the wreckage so that the insurance company for whom the survey is made may decide whether to expend the money for the cost of repairs or to sell the car in its wrecked condition. In this instance the wrecked car was sold to the B. & M. Collision Service owned and operated by one Melchiorre.

Melchiorre never repaired the car but retained it in its damaged condition. At sometime later, around June 7, 1951, Melchiorre and one Pellicci admittedly concocted a fake accident. Pellicci owned a 1942 Buick Sedan which was insured for liability in the Travelers Insurance Company. Pellicci reported to the Travelers Insurance Company that his car had been in a collision with an automobile owned and driven by Melchiorre on June 9, 1951, near Harlem Road and Sheridan Drive in the town of Amherst. This accident never occurred. However, the Travelers upon receiving the report of the accident contacted the garage where the defendant was employed and requested a survey of the damaged car. The survey was assigned to this defendant. He made the survey and turned in his report to the garage where he was employed, and the garage in turn forwarded it to the Travelers Insurance Company.

It develops that this car was the same car which Melchiorre had purchased from the Standard Accident Insurance Company and which this defendant had surveyed for that company back in October, 1950, and was in the same damaged condition. The defendant, however, claimed at the trial that he had made on an average of about nine surveys a day during the intervening period and did not recognize the Melchiorre car as the same car he had examined the previous October.

The attempted fraud was discovered and Melchiorre, Pellicci and this defendant were indicted together on four counts. The first count of the indictment charged conspiracy under section 580 of the Penal Law; the second count charged the crime of attempted grand larceny in the first degree; the third count charged the presenting of false proofs of loss to the Travelers Insurance Company in violation of section 1202 of the Penal Law; and the fourth count charged the felonious preparing, making and subscribing of a false and fraudulent account, certificate, affidavit, proof of loss, document or writing with intent that the same should be used in support of a claim against the Travelers Insurance Company.

There was a severance of the indictment and this defendant was separately tried in the County Court of Erie County. The jury acquitted him on the first, second and third counts and brought in a verdict of guilty on the fourth count of the indictment. This appeal is from the judgment of conviction and from the order denying the motion to set aside the verdict and for a new trial.

Section 1202 of the Penal Law embodies two crimes — subdivision 1 that of *presenting* or causing to be presented a false

or fraudulent claim or proof in support thereof. That is the crime with which defendant was charged in count third of the indictment and for which he was acquitted. Subdivision 2 involves the crime of *preparing, making or subscribing* a false or fraudulent account, certificate, affidavit, or proof of loss or other document or writing with intent that it be presented or used in support of a false claim but does not involve the presenting of such false proof. It was the crime specified in subdivision 2 for which the defendant was convicted under count fourth. In order to convict for the crime specified in subdivision 2 it was necessary for the jury to find that Exhibit 9, the survey report, was a false or fraudulent document or writing. The statute (subd. 2) which may not be enlarged by implication does not include a truthful document prepared with the intent that it be presented or used in support of a false or fraudulent claim. There is no claim here that Exhibit 9 is in itself false or even inaccurate. In fact the District Attorney in his brief states that the People do not claim that the survey was inaccurate. The survey correctly states the condition of the car on the date it was made and makes a reasonably accurate estimate of the cost of repair. That was the only purpose for which the Travelers ordered the survey.

Although Melchiorre testified that the defendant informed him over the telephone as to the amount of the damage as shown by his appraisal, there is no evidence that the survey itself ever reached the hands of Melchiorre or was seen by him. There is no evidence that it was ever presented by Melchiorre or made a part of any claim submitted by him. The defendant submitted it to his employer who in turn transmitted it to the Travelers Insurance Company. It was prepared at the request of, and for the use of the Travelers Insurance Company and not for the use of Melchiorre. Of course the defendant, if he knew when he appraised the car in June, 1951, that it was the same car he had appraised in October, 1950, and if he knew that this car had not been in any other or different accident, owed a duty to his employer to divulge such information and not to conceal it. However, the breach of that duty, if there was such a breach, is not expressed within the wording of subdivision 2 of section 1202 of the Penal Law. Defendant was acquitted of the crime of conspiracy and there is no evidence from which it can be found that the survey report (Exhibit 9) was inaccurate or false or that it was prepared for Melchiorre's use in presenting his fraudulent claim.

Moreover, a careful reading of the title and contents of section 1202 discloses that that section does not apply to the circumstances under consideration here. The title is " § 1202. Presenting false proofs of loss in support of claim upon policy of insurance." Subdivision 1 uses the words: " or any proof in support of such a claim, for the payment of a *loss upon a contract of insurance* ". (Emphasis supplied.) Subdivision 2 uses the words: " with intent that the same may be presented or used in support of such a claim ", meaning, of course, a claim for the payment of a loss upon a contract of insurance. The claim which Melchiorre was endeavoring to establish was not a claim for a loss upon any contract of insurance. It was a claim in tort for damages against Pellicci arising out of his supposed liability on account of the nonexistent accident. The fact that Pellicci was insured and that the insurance company stood in his shoes and was to be the intended victim does not render Melchiorre's claim a " loss upon a contract of insurance ". These words as used in section 1202 relate as we view it to a situation when an insured or someone having a right to be paid for a loss under the terms of a policy makes a claim against the insurance company based upon the contract of insurance (see *People* v. *Spiegel,* 75 Hun 161, affd. 143 N. Y. 107; *People* v. *Markheim,* 162 App. Div. 859, affd. 213 N. Y. 680; *Leventhal* v. *Home Ins. Co.,* 165 N. Y. S. 323, and *People* v. *Berger,* 197 Misc. 915).

We reach the conclusion that the evidence in this record does not sustain a conviction for a violation of subdivision 2 of section 1202 of the Penal Law as charged in count fourth of the indictment. The judgment of conviction should be reversed and the indictment dismissed.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Judgment of conviction reversed on the law and facts and indictment dismissed. Appeal from order denying a motion for a new trial dismissed as academic.